CASE 50.—ACTION BY APPELLEE SALLIE L. TODD, ET AL.
TO SET ASIDE A SALE OF AN INTEREST IN
LAND CONVEYED TO HER BY APPELLANT FOR
ALLEGED FRAUD.—October 31, 1900.

## Hood v. Todd, &c.

### Appeal from Adair Circuit Court.

Judgment for plaintiff, and defendant appeals.—
Affirmed.

1. Vendor and Purchaser—Rescission—Chancing Bargain.—The
purchaser of a supposed onyx mine is not entitled to a re
scission, though the stone turned out to be limestone, as
both parties understood that the result of a test was un
certain, and the purchaser knew that if the stone proved
in advance to be onyx he could not purchase it for the price
paid.
2. While the rule is that equity will relieve against a contract
made by mutual mistake, where the consideration has failed.
this doctrine has no application to what is called a "chanc-
ing" bargain like that in this case.

J. F. MONTGOMERY for appellant.

JAMES GARNETT, JR., ROLLIN HURT and JAMES GARNETT
for appellees.

OPINION OF THE COURT BY JUDGE HOBSON—Affirm-
ing.

On March 27, 1897, appellant by deed conveyed to
appellee Sallie L. Todd, one-half interest in a farm
owned by him, in exchange for one-half interest in
an onyx mine on her farm, which she and her hus-
band at the same time conveyed to him. It turned
out afterwards that the stone was not onyx, but

limestone, and appellant sought in this action to cancel the deed made by him to her for one-half the farm, on the ground that it was obtained by fraud or mistake, and without consideration. There is no evidence of fraud. It is perfectly clear that neither appellant nor appellee knew anything about mineralogy, and this was well known to appellant when the trade was made. He knew also that, if the stone was tested and found to be what it was supposed to be, he could not get one-half interest in the mine for one-half interest in the farm, which was worth about $700. He could have waited, and had the stone tested. This was discussed. But he preferred to take the other course, and risk his judgment, declaring that his eyes did not deceive him, on the distinct understanding that, however valuable the mine should turn out to be, the half of it should be his, and, if it should prove valueless, it would be his loss. Appellee did not deceive him. She took the risk of the mine turning out to be very valuable. She had no better means of knowledge than he. Both thought the discovery valuable, but both knew that it was untried and uncertain. Under such circumstances, the chancellor cannot undo for appellant the contract he deliberately made.

While the rule is that equity will relieve against a contract made by mutual mistake, where the consideration has failed, this doctrine has no application to what is called a "chancing" bargain, like that in this case. The rule is thus stated in 2 Pom. Eq. Jur. section 855: "Where parties have knowingly entered into a speculative contract or transaction—one in which they intentionally speculated as to the result, and there is in either case an absence of bad

faith, violation of confidence, misrepresentation, concealment, and other inequitable conduct mentioned in a former paragraph—if the facts upon which such agreement or transaction was founded, or the event of the agreement itself, turn out different from what was expected or anticipated, this error, miscalculation, or disappointment, although relating to matters of fact and not of law, is not such a mistake, within the meaning of the equitable doctrine, as entitles the disappointed party to any relief, either by way of cancelling the contract and rescinding the transaction, or of defense to a suit brought for its enforcement.'' There has been no failure of consideration here. Appellant has all that he bought. The loss that has fallen upon him is the result of a chance he took, which was fully discussed and considered by him before the contract was made.

Judgment affirmed.